# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 5, 2006

128060 & (83)(84)

JOHN G. MULARONI,
          Plaintiff-Appellant/Cross-Appellee,

v

GERMANO MULARONI,
GERMANO MANAGEMENT COMPANY,
FRENCHMAN'S LANDING, LLC,
          Defendants-Appellees/
          Cross-Appellants/Cross-Appellees,

and

GERMANO MULARONI FAMILY TRUST,
          Defendant-Appellee/Cross-Appellee/
          Cross-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 128060
COA: 251282
Wayne CC: 01-124007-CK

      On order of the Court, the application for leave to appeal the January 11, 2005 judgment of the Court of Appeals and the applications for leave to appeal as cross-appellants are considered. Pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE in part the judgment of the Court of Appeals. The agreement provides, and defendants conceded below and in this Court, that plaintiff's "initial interest" in the "property and/or the limited liability company" that the parties contemplated forming was 50 percent of the difference between the purchase price (together with the costs of obtaining rezoning, with interest at 8 percent) and the value of the property as rezoned. We REMAND this case to the Wayne Circuit Court to determine (1) upon retrial, 50 percent of the net increase in the vacant property's value as a result of the rezoning, in accordance with the formula in paragraph 3 of the agreement of August 30, 1996; and (2) whether the trust entity that is a member of the limited liability corporation that holds title to the subject property is the trust entity named as a defendant in this action and, if not, to correct any misnomer.

If plaintiff accepts remittitur in the amount of $841,000, the amount that defendants concede would be due to plaintiff if he is entitled to recover 50 percent of the property's net increase in value after rezoning, the circuit court may deny retrial on that issue.

In all other respects, the application for leave to appeal and the applications for leave to appeal as cross-appellants are DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 5, 2006

_____
Clerk

p0329